UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-19

**SHIRLEY WILSON, On Behalf of Herself
and All Other Members of the Class**                                   **PLAINTIFFS**

**v.**

**PBI BANK, INC.**                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Remand to State Court (Docket #8) and Plaintiff's Motion to Allow Limited Discovery (Docket #10). Defendant has responded (Docket #17, 18). Plaintiff has not replied. This matter is now ripe for adjudication.

## BACKGROUND

Plaintiff Shirley Wilson is a resident of Kentucky who has "a history of borrowing money from PBI Bank, Inc." Compl., DN 1-1, ¶ 2. Plaintiff proposes to bring a class action on behalf of commercial loan borrowers of PBI Bank, Inc., who were subjected to PBI Bank, Inc.'s alleged "common scheme of luring borrowers into commercial loans by quoting and agreeing to charge interest at a yearly rate while intending to charge interest at a higher rate . . . ." Compl., DN 1-1, ¶ 3. For instance, Plaintiff states that she was charged a *per annum* interest rate of 6.3368% instead of the *per annum* rate of 6.250% promised in the Promissory Note entered into by Plaintiff and PBI Bank, Inc., on July 5, 2008. Compl., DN 1-1, ¶ 19. Plaintiff believes the class includes "hundreds, if not thousands, of similarly situated persons and entities" who were also subjected to a higher than agreed upon interest rate. Compl., DN 1-1, ¶ 28.

Plaintiff filed suit in Barren Circuit Court on December 28, 2010. The Complaint asserts breach of contract claims against Defendant based upon Defendant's alleged conduct of

overcharging interest. Defendant filed its Answer on January 25, 2011, and removed the case to this Court on February 1, 2011. Plaintiff moved to remand the case on February 21, 2011. Plaintiff also moved for limited discovery as to the issue of minimal diversity. The Court now considers these motions.

## STANDARD

The Class Action Fairness Act ("CAFA") provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). In addition, the defendant must show the Plaintiffs' proposed class would exceed 100 individuals. 28 U.S.C. §1332(d)(5)(B). The defendant seeking removal bears the burden of establishing federal jurisdiction. *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 151 (3d Cir. 2009). A court should determine federal jurisdiction at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Generally, ambiguities regarding removal are strictly construed against federal jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

## DISCUSSION

The Court must determine if this case is properly removed pursuant to the requirements set forth in CAFA. In order for a case to be properly brought into Federal Court pursuant to CAFA, the defendant seeking removal must establish: the amount in controversy exceeds five million dollars, exclusive of interests and costs; there is minimal diversity; and Plaintiff's

proposed class would exceed 100 individuals. *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 151 (3d Cir. 2009) (holding the "party seeking to remove to federal court [must] demonstrate federal jurisdiction."); 28 U.S.C. §1332(d)(2)–(5)(B). Defendant has asserted that the amount in controversy exceeds five million dollars, exclusive of interests and costs, and Plaintiff has not disputed this assertion. Similarly, Plaintiff does not dispute that the proposed class would exceed 100 individuals. Thus, the Court need only determine whether there is minimal diversity and, if there is, whether one of the CAFA exceptions applies.

Plaintiff presents four arguments in support of its motion to remand: (1) minimal diversity does not exist because the Complaint, on its face, involves parties who are only citizens and residents of Kentucky; (2) the "home state controversy" exception to minimal diversity applies; (3) the "local controversy" exception to minimal diversity applies; and (4) the Court has discretion to decline jurisdiction under 28 U.S.C. § 1332(d)(3). In contrast, Defendant argues that this case was properly removed pursuant to CAFA, Plaintiff has failed to establish that the home state or local controversy exceptions apply, and the Court should exercise discretion in favor of retaining jurisdiction. The Court considers each of Plaintiff's arguments in turn.

I.  **Minimal Diversity on the Face of the Complaint**

First, Plaintiff argues that because only citizens and residents of Kentucky are part of the class, there is no minimal diversity on the face of the Complaint.[1] Plaintiff Shirley Wilson is a resident of Kentucky. In addition, Plaintiff's Complaint defines the proposed class as:

> All persons or entities who, between December 1, 2004 and the present (the "Class Period"), made payments on commercial loan agreements with PBI Bank,

---

[1] Neither party disputes that Defendant is a Kentucky state-chartered bank that, for purposes of jurisdiction, is a citizen of and is headquartered in Kentucky.

3

>Inc., and who signed a Promissory Note(s) stating a per annum interest rate but where PBI Bank, Inc. charged interest over a calendar year at a higher rate than the per annum rate stated in the promissory Note(s).

Compl., DN 1-1, ¶ 25. The Complaint goes on to exclude from the proposed class:

> The Bank, its officers, directors, agents, trustees, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the Defendant; government entities; the Judge assigned to this action, any member of the Judge's immediate family; counsel for Plaintiff; and *any person or entity who is not now a resident of the State of Kentucky*.

Compl., DN 1-1, ¶ 26 (emphasis added). Plaintiff also notes that paragraph one of the Complaint states that "[t]he proposed class is comprised of commercial loan borrowers of The Bank who are also residents of Kentucky." Compl., DN 1-1, ¶ 1.

Defendant argues that, although Plaintiff has excluded all persons or entities who are not residents of Kentucky, Plaintiff fails to exclude persons or entities who are not citizens of Kentucky. "'Citizenship' for purposes of the diversity statute is synonymous not with 'residence' but with 'domicile.'" *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) (citing *Napletana v. Hillsdale College*, 385 F.2d 871 (6th Cir. 1967); *Williamson v. Osenton*, 232 U.S. 619 (1914)). "To establish new domicile, an individual must both reside in the new domicile and intend to remain there." *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996 (S.D. Ohio 2008). Courts look not only to one's residence, but also to voter registration, location of property, location of bank accounts, memberships, places of employment, and payment of taxes. *Id.* at 997. Under CAFA, if any member of the plaintiff class is a *citizen* of a different state, minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2)(A). Because Plaintiff has only limited the class to residents, not citizens (i.e., those who are domiciled in Kentucky), Plaintiff's Complaint, on its face, does not preclude a finding of minimal diversity. Thus, this argument

must fail.

## II. The "Home State Controversy" and "Local Controversy" Exceptions

Next, Plaintiff argues that the "home state controversy" exception applies. Under this exception, the Court must decline to exercise jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). For this exception to apply, all of the primary defendants must be citizens of the forum state. *Morrison v. YTB Int'l, Inc.*, Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 2132062, at *2 (S.D. Ill. May 26, 2010) (citations omitted).

Plaintiff also argues that the "local controversy" exception applies. This "mandatory exception[] from federal jurisdiction . . . require[s] a district court to decline jurisdiction when the controversy is uniquely local and does not reach into multiple states." *Kaufman*, 561 F.3d at 149. The local controversy exception applies when

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant–
>
> > (aa) from whom significant relief is sought by members of the plaintiff class;
> >
> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> >
> > (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed . . . .

28 U.S.C. §1332(d)(4)(A). Additionally, it must be shown that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. §1332(d)(4)(A)(ii).

For both exceptions, it must be demonstrated to the Court that two-thirds or more of the class members are citizens of the Commonwealth of Kentucky. Plaintiff asserts that this burden falls on Defendant pursuant to case law stating that the removing party bears the burden of establishing federal jurisdiction on a motion to remand. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."). In the case of establishing an exception to CAFA, however, Plaintiff bears the burden of demonstrating, by a preponderance of the evidence, that two-thirds of the plaintiff class are citizens of Kentucky. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

Plaintiff's motion for limited discovery seeks information regarding the proposed class members in order to determine that at least two-thirds of the class are citizens of Kentucky. If Plaintiff can meet this burden, the home-state controversy and local controversy exceptions may apply, and this cause should be remanded.[2] Accordingly, the Court GRANTS Plaintiff's motion for discovery. Defendant requests that this discovery be limited solely to determining the citizenship of commercial buyers. Defendant seeks to preserve the privacy of its customers by

---

[2]The Court notes that Defendant must first establish minimal diversity. It is unclear to the Court at this time if Defendant has succeeded in doing so.

not releasing the identities of its commercial buyers. Plaintiff has not responded to this request. The Court declines to rule on the confidentiality issue at this time. The parties shall be prepared to discuss this issue during the telephonic status conference to be held on April 15, 2011, at 10:00 a.m.

**III.     The "Discretionary" Exception**

Under the "discretionary" exception, the Court may decline jurisdiction when (1) between one third and two thirds of the proposed plaintiffs class are citizens of the State in which it was originally filed, and (2) the primary defendants are also citizens of that State. 28 U.S.C. §1332(d)(3). If these two requirements are met there are several factors which are then considered by the Court: if the claims involve matters of national or interstate interest; if the law of the State will apply; if the class action was pleaded to avoid federal jurisdiction; whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; if the number of citizens of the State in which it was brought is larger than the number of members that are citizens of other States; and whether, during the three year period preceding the filing of that class action, one or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed. *Id.*

Similar to the previous two exceptions, the Court cannot determine whether the discretionary exception is applicable to this case without the additional discovery to be conducted by the parties on the limited issue of citizenship.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Allow Limited Discovery (DN 10) is GRANTED. Plaintiff's Motion to Remand to State Court (DN 8)

is DENIED at this time with leave to refile.