UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-19

**SHIRLEY WILSON, on Behalf of Herself
and All Other Members of the Class**                                            **PLAINTIFF**

**v.**

**PBI BANK, INC.**                                                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Remand (Docket #25). Defendant has responded (Docket #26). Plaintiff has replied (Docket #28). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff Shirley Wilson is a resident of Kentucky who has "a history of borrowing money from PBI Bank, Inc." Compl., DN 1-1, ¶ 2. Plaintiff proposes to bring a class action on behalf of commercial loan borrowers of PBI Bank, Inc., who were subjected to PBI Bank, Inc.'s alleged "common scheme of luring borrowers into commercial loans by quoting and agreeing to charge interest at a yearly rate while intending to charge interest at a higher rate . . . ." Compl., DN 1-1, ¶ 3. For instance, Plaintiff states that she was charged a *per annum* interest rate of 6.3368% instead of the *per annum* rate of 6.250% promised in the Promissory Note entered into by Plaintiff and PBI Bank, Inc., on July 5, 2008. Compl., DN 1-1, ¶ 19. Plaintiff believes the class includes "hundreds, if not thousands, of similarly situated persons and entities" who were also subjected to a higher than agreed upon interest rate. Compl., DN 1-1, ¶ 28.

Plaintiff filed suit in Barren Circuit Court on December 28, 2010. The Complaint asserts breach of contract claims against Defendant based upon Defendant's alleged conduct of

overcharging interest. Defendant filed its Answer on January 25, 2011, and removed the case to this Court on February 1, 2011. Plaintiff first moved to remand the case on February 21, 2011. Plaintiff also moved for limited discovery as to the issue of minimal diversity. The Court could not determine if minimal diversity existed or if one of the exceptions to minimal diversity under the Class Action Fairness Act ("CAFA") applied. Thus, the Court granted Plaintiff's motion for jurisdictional discovery and denied Plaintiff's motion to remand with leave to refile. The parties have engaged in limited discovery since that time and Plaintiff has refiled her motion to remand. The Court now considers the issue of minimal diversity and whether one of the CAFA exceptions applies.

## STANDARD

The Class Action Fairness Act ("CAFA") provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). In addition, the defendant must show the plaintiffs' proposed class would exceed 100 individuals. 28 U.S.C. §1332(d)(5)(B). The defendant seeking removal bears the burden of establishing federal jurisdiction. *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 151 (3d Cir. 2009). A court should determine federal jurisdiction at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Generally, ambiguities regarding removal are strictly construed against federal jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

**DISCUSSION**

Plaintiff first argues that Defendant has failed to establish minimal diversity. In addition, even if Defendant has established minimal diversity, Plaintiff argues that one of the exceptions to CAFA applies.

**I.      Minimal Diversity**

First, Plaintiff argues that Defendant has failed to establish that at least one Plaintiff and one Defendant are citizens of different states. The Court noted in its previous opinion that Defendant must first establish minimal diversity and, at that time, it was "unclear . . . if Defendant has succeeded in doing so." Mem. Op. & Order, DN 21, p. 6 n. 2. Under CAFA, if any member of the plaintiff class is a *citizen* of a different state, minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2)(A).

Neither party disputes that Defendant is a citizen of Kentucky and that Plaintiff Shirley Wilson is also a citizen of Kentucky. Defendant argues, however, that minimal diversity exists because at least one of its commercial loan borrowers is a citizen of Oklahoma. In support of this assertion, Defendant presents the affidavit of David L. Shadburne, Senior Vice President and Assistant General Counsel of PBI Bank, Inc. This affidavit indicates that of the 3,748 current commercial loans booked as "365/360" loans, 3,465 are booked as having mailing addresses in Kentucky. The affidavit also states that "PBI Bank is informed and believes that one such borrower conducts business in Kentucky and Oklahoma." The borrower has an Oklahoma mailing address on the books for its loan and the Oklahoma Secretary of State's website indicates the borrower is organized in Oklahoma. Defendant argues that this is sufficient to establish minimal diversity.

Plaintiff argues that the Oklahoma borrower does not meet the class definition since the corporation is not considered a resident of Kentucky. A corporation is a citizen of any state "by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). In contrast, "[t]he traditional definition of residence for a corporation is the place of incorporation." *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 458 (S.D. N.Y. 2005) (noting that this traditional definition "has almost always been applied when the corporation is a plaintiff"). The proposed class in this case is limited to Kentucky residents. If the corporation identified by Defendant is incorporated in Oklahoma, it is traditionally not considered a resident of Kentucky. *See id.*

Alternatively, if the Oklahoma borrower is considered a resident of Kentucky, Plaintiff argues that Defendant has still failed to establish minimal diversity. As previously noted, a corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. *See Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 282 (6th Cir. 1990). Plaintiff argues that because Defendant has only addressed where the Oklahoma borrower is incorporated, without addressing the borrower's principal place of business, Defendant has failed to establish minimal diversity.

"CAFA does not change the removing party's burden of establishing federal jurisdiction by a preponderance of the evidence." *Meiman v. Kenton Cnty., Ky.*, No. 10-156-DLB, 2011 WL 350465, at *2 (E.D. Ky. Feb. 2, 2011) (citing *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007)). "Further, '[a]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Smith*, 505 F.3d at 405 (quoting *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005)). The Court finds that Defendant has failed to establish by a

preponderance of the evidence that minimal diversity exists. First, Defendant has failed to address whether the Oklahoma borrower is a resident of Kentucky, and thus a member of the class. Further, Defendant has not addressed where the Oklahoma borrower has its principal place of business. Because of these omissions, the Court cannot say that minimal diversity more likely than not exists. Accordingly, the Court resolves all doubts in favor of remand.

## II.     CAFA Exception

Even if Defendant had established minimal diversity by a preponderance of the evidence, the Court believes the "home state controversy" exception would apply. Under the "home state controversy" exception, the Court must decline to exercise jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). For this exception to apply, all of the primary defendants must be citizens of the forum state. *Morrison v. YTB Int'l, Inc.*, Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 2132062, at *2 (S.D. Ill. May 26, 2010) (citations omitted). It is undisputed that Defendant is a citizen of Kentucky.

The only point of contention regarding the application of this exception is whether two-thirds or more of the class members are citizens of the Commonwealth of Kentucky. As noted by Defendant, 3,465 of the 3,748 current commercial loans booked as "365/360" loans are booked as having mailing addresses in Kentucky. Thus, 92.4% of the loans were issued to borrowers with mailing addresses in Kentucky. Although a mailing address is not conclusive for purposes of determining citizenship, this data certainly provides support for Plaintiff's position, especially in light of the class definition. As noted previously, the class definition is limited to

those borrowers who are residents of Kentucky. *See Ford Motor Credit Co. v. Jones*, No. , 2007 WL 2236618, at *3 (N.D. Ohio July 31, 2007) (distinguishing two cases where one limits the class to "Ohio residents"). The loans were therefore entered into by Kentucky residents with Defendant, a Kentucky citizen, and presumably the alleged injuries occurred in Kentucky. The Court finds that Plaintiff has presented enough evidence to find that it is more likely than not that at least two-thirds of the borrowers in the proposed class are Kentucky citizens.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is GRANTED. This matter is REMANDED to the Barren Circuit Court.